**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com
**Adam Kiel, OSB #091231**
@kiel@kafourymcdougal.com
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone:  503-224-2647
Fax:  503-224-2673
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| C.T.,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON FOSBERG, an individual; RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>        Defendants. | Case No. 3:22-cv-00637-HZ<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

**ARGUMENT AND AUTHORITIES IN REPLY**

Plaintiff has moved to remand this case to state court because Defendant Fosberg is a

properly joined Oregon resident; as a result, the "forum defendant rule" applies and this case was

improperly removed to federal court pursuant to 28 U.S.C. § 1441(b)(2). Defendants do not

dispute that Defendant Fosberg is an Oregon resident and thus there is no federal jurisdiction if

**Page 1 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendant Fosberg is a proper party to this action. Rather, Defendants argue that Defendant Fosberg was fraudulently joined because Plaintiff has no possibility of recovery against him. Defendants' arguments in opposition to remand rely on an incorrect legal standard and a misreading of the facts set out in the complaint. For the reasons set forth below and in Plaintiff's Motion to Remand, Plaintiff moves to remand this case to state court.

### DEFENDANTS HAVE FAILED TO MEET THEIR HEAVY BURDEN OF PROVING THAT PLAINTIFF HAS NO POSSIBILITY OF STATING A CLAIM AGAINST DEFENDANT FOSBERG

Defendants must meet the Ninth Circuit's "possibility" standard to prevail on a fraudulent joinder claim. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018): to overcome the presumption against removal to federal court and prove fraudulent joinder, defendants must show by clear and convincing evidence that there is no possibility that a state court would find the complaint states a cause of action. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted).

Defendants wrongly conflate the standard for adjudicating 12(b)(6) motions for failure to state a claim with the standard for finding fraudulent joinder. *See* Footnote 3, Defendants' Response to Plaintiff's Motion to Remand. The Ninth Circuit applies a more stringent standard for finding fraudulent joinder than that used to adjudicate FRCP 12(b)(6) motions to dismiss:

> …the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined. We emphasized in *Hunter* that a federal court must find that a defendant was properly joined and remand the case to state court if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.") (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal quotations and citation omitted). . .
> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. …The relative

stringency of the standard accords with the presumption against removal
jurisdiction, under which we "strictly construe the removal statute," and reject
federal jurisdiction "if there is any doubt as to the right of removal in the first
instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d at 549–50 (9th Cir. 2018).

The Ninth Circuit in *Grancare* remanded the case to state court notwithstanding

defendant's arguments that the plaintiffs erred in "lumping" the non-diverse defendant with other

defendants by alleging misconduct against all defendants collectively, did not allege their claims

with sufficient particularity, and did not sufficiently allege negligence. "Because these arguments

go to the sufficiency of the complaint, rather than to the possible viability of the heirs' claims

against [the non-diverse defendant] …. they do not establish fraudulent joinder." *Grancare, LLC*

*v. Thrower by & through Mills*, 889 F.3d at 552 (9th Cir. 2018). The same is true in this case.

Defendants' citations to cases from other circuits stating otherwise are at best inapposite.

Courts in the Ninth Circuit have adhered to the standards set forth in *Grancare. See, e.g., HSBC*

*Bank v. Fid. Nat'l Title Grp. Inc*, 508 F.Supp.3d 781, 786 (D. Nev. 2020) (applying the

*Grancare* possibility standard to reject defendant's fraudulent joinder claim, holding "the Court

will not conduct a "searching inquiry into the merits of the plaintiff's case against the forum

defendant") (internal citations omitted*); Williams v. Kemper Indep. Ins. Co*., 476 F. Supp. 3d

958, 963 (N.D. Cal. 2020) (declining to resolve factual disputes to find fraudulent joinder);

*Miotke v. Corizon Health, Inc*., No. 3:20-CV-00125-SB, 2020 WL 3317932, at *6 (D. Or. May

22, 2020), *report and recommendation adopted*, No. 3:20-CV-00125-SB, 2020 WL 3316977 (D.

Or. June 18, 2020) (holding that disputed questions of state law should be resolved in favor of

remand); *Kocher v. Hilton Worldwide Holdings, Inc.*, No. 3:18-CV-00449-SB, 2019 WL

309752, at *1 (D. Or. Jan. 21, 2019) (affirming magistrate's findings and recommendation

against fraudulent joinder in part because it "takes care not to conflate the test for fraudulent joinder with the test for failure to state a claim under FRCP 12(b)(6)" and "correctly notes that the burden on a defendant to prevail in showing fraudulent joinder is significantly more difficult.")

### 1. The facts before the Court clearly establish the possibility that Plaintiff can state a claim against Defendant Fosberg

The facts pled within the four corners of the complaint are sufficient to establish claims against Defendant Fosberg and refute Defendants' claim of fraudulent joinder. Defendants, however, have submitted three declarations in support of their opposition to remand. The court in *Grancare* noted it had "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare LLC v. Thrower by & through Mills*, 889 F.3d at 548–49 (citation omitted). Defendants ask this Court to engage in just such an inquiry. "…[W]hile the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549 (9th Cir. 2018) (citations omitted).  Additionally, all factual disputes must be resolved in plaintiff's favor. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).  Without conceding that this Court should consider any of these declarations, or that any of the allegations in these declarations are in fact correct, these declarations do not undermine the possibility that Plaintiff could state a claim against Defendant Fosberg.

The complaint in this case states, *inter alia*, that:

- Defendant Fosberg called Plaintiff's C.T.'s group "a big gang" when discussing why they were split up into different tables, unlike similar groups of predominantly white customers

eating in the restaurant. (Complaint at ¶5). This is directly pertinent to the racial discrimination claim.

- Defendant Fosberg was the manager of the restaurant. (Complaint at ¶2)
- Both Red Robin and Defendant Fosberg were negligent in allowing plaintiff to be served a salad containing semen caused plaintiff's injuries. (Complaint at ¶15).

Defendant Fosberg, in his declaration, admits he was the general manager of the Red Robin at issue in this case, "generally responsible for running the restaurant" and was on duty in this capacity on March 24, 2021, working much of the time in the kitchen where food was prepared and plated. Defendant Fosberg denies seating Plaintiff C.T. and his party, preparing or serving his food, and denies referring to Plaintiff C.T.'s party "as a big gang," but "a denial, even a sworn denial, of allegations does not prove their falsity..." *Grancare,* 889 F.3d at 551 (9th Cir. 2018)

Defendants also submit declarations from two other Red Robin employees who were working at the restaurant on March 24, 2021.[1] Destiny Holmes, a server at the restaurant, declared she took Plaintiff C.T.'s order, and that she observed Defendant Fosberg in the kitchen much of the night in question, and did not observe Defendant Fosberg interacting with Plaintiff C.T. Christian O'Conner, associate manager at the restaurant, declared he was working on March 24, 2021, and did not see Defendant Fosberg interact with Plaintiff C.T. until after the meal. Christian O'Connor and Defendant Fosberg also declared Plaintiff C.T. was not charged for his meal.

---

[1] Defendants told police investigating this incident that Defendants could not identify who worked for them at that time because they had been the victim of a data hack. (Complaint at ¶8) Defendants have apparently since retrieved some information but have not submitted declarations from anyone who claims to have seated Plaintiff C.T. and his party, or who prepared or served Plaintiff C.T.'s meal or witnessed any of these events.

**Page 5 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

## 2.  The Race Discrimination Claim

Plaintiff has sued defendants pursuant to ORS § 659A.403, which prohibits racial discrimination in public accommodations. (Complaint at ¶20-23.) Defendants contend Defendant Fosberg cannot be sued in his capacity as manager if Red Robin is also sued as operator pursuant to this statute, and that Defendant Fosberg's comment that Plaintiff C.T.'s party was "a big gang," is protected by the free speech guarantees of the U.S. and Oregon Constitutions. These arguments fail.

First, Defendant Fosberg's comment was one of a series of acts and comments depriving Plaintiff C.T. of his right to be free from racial discrimination in public accommodations. Defendants take this comment out of context, as if it had been uttered by a passing stranger. Rather, Defendant Fosberg, the general manager of a restaurant, working in that capacity on March 24, 2021, made this remark when confronted with a customer complaint that predominantly white parties had been seated together, while his party of predominantly black customers had been required to sit separately. Defendant Fosberg's comment was part of the violation of Oregon public accommodations act; Defendants' assumption that there could be no claim of discrimination once Plaintiff had finished his meal ignores the facts alleged in the four corners of the complaint.

The denial of equal treatment based on race, even without a full denial of service, violates the public accommodations law, ORS § 659A.403. *King v. Greyhound Lines, Inc.,* 61 Or. App. 197, 203 (1982).  While racial slurs and epithets can be elements of a public accommodations violation, remarks that, while not explicitly racist epithets, express invidious racist stereotypes, can also evince racially discriminatory intent and subject a plaintiff to harm pursuant to the public accommodations statute. Thus, for example, "a hotel employee's remarks to Plaintiff

accusing him and his sister of committing a crime (forgery) and characterizing him as uneducated and illiterate constitute circumstantial evidence from which a factfinder could reasonably infer a discriminatory motive based in invidious racial stereotypes about African Americans." *Strickland v. Residence Inn By Marriott, LLC*, No. 3:21-CV-00270-HZ, 2021 WL 2920608, at *3 (D. Or. July 12, 2021). Even at summary judgment, "Plaintiff is not required to present direct evidence of ... discrimination, only sufficient evidence to give rise to an inference of unlawful discrimination." *Id. a*t *3 (citations omitted). Defendant Fosberg's description of Plaintiff C.T.'s party as a "big gang," in response to Plaintiff C.T.'s complaints about his treatment at the restaurant, is just such a comment.

Likewise, Defendants' argument that the First Amendment of the United States Constitution and Article 1, Section 8 of the Oregon Constitution protect Defendant Fosberg's "big gang" comment fails for similar reasons. Again, Defendant Fosberg was not a passing stranger choosing to express his opinion but rather the general manager and an employee of a Red Robin restaurant, a place of public accommodation, in which Plaintiff C.T. suffered treatment not visited on white customers because of his race. Defendant Fosberg's comment to Plaintiff C.T., made in response to Plaintiff C.T.'s complaints about his treatment, while made in Defendant Fosberg's capacity as the general manager of the restaurant and a Red Robin employee, was a component of this discriminatory treatment. *See King v. Greyhound Lines, Inc.,* 61 Or. App. 197 (1982); *Strickland v. Residence Inn by Marriott, LLC*, No. 3:21-CV-00270-HZ, 2021 WL 2920608 (D. Or. July 12, 2021).

*Blachana, LLC v. Oregon Bureau of Lab. & Indus.,* 273 Or. App. 806, *opinion adhered to as modified on reconsideration sub nom. Blachana, LLC v. Orgeon Bureau of Lab. & Indus.,* 275 Or. App. 46 (2015), relied upon by Defendants for the proposition that state and federal free

speech guarantees protected Defendant Fosberg's racially disparaging comment, does not aid

their argument. In *Balacha,* the court upheld BOLI's finding of a violation of the public

accommodation law. BOLI found that a voicemail message requesting that a group of transexual

women not return to the bar was not merely the manager "freely speaking his mind but an actual

denial of service." *Id.* at 818.  While the court deferred to BOLI's factual findings and legal

conclusions, it agreed that if the voicemail were a denial of service, as BOLI had found,

defendants could not claim First Amendment protection. *See also Klein v. Oregon Bureau of*

*Lab. & Indus.*, 317 Or. App. 138 (2022) (holding that ORS § 659A.403 is a generally applicable

statute and bakery shop owners were not entitled to an exception under the Free Exercise Clause

to deny service to a same sex couple for religious reasons). In this case, Defendant Fosberg's

description of Plaintiff C.T. and his party as a "big gang," was a part of the unequal treatment

visited upon Plaintiff C.T. in a place of public accommodation, and a racial stereotype evincing

discriminatory intent underlying the unequal treatment of Plaintiff C.T. at the restaurant.

 Finally, Defendants argue that Defendant Fosberg cannot be a defendant in a public

accommodations action because he is sued solely in his capacity as "manager or operator."

Defendants argue that because Red Robin is also a defendant in this claim, Defendant Fosberg

cannot be sued in his capacity as general manager. This argument fails for two reasons.

 First, the argument that the Legislature's use of the phrase "manager or operator" requires

election of one or the other as defendant is belied by the body of the statute. ORS § 659A.885(8)

states that:

 (8) Any individual against whom any distinction, discrimination or restriction on account
of race, color, religion, sex, sexual orientation, gender identity, national origin, marital status or
age, if the individual is 18 years of age or older, has been made by any place of public
accommodation, as defined in ORS§ 659A.400, by any employee or person acting on behalf of
the place or by any person aiding or abetting the place or person in violation of ORS§ 659A.406
may bring an action against the operator or manager of the place, the employee or person acting

on behalf of the place or the aider or abettor of the place or person. Notwithstanding subsection (1) of this section, in an action under this subsection.

Defendants' interpretation of this statute would allow at fault and even necessary parties to escape liability. The statutory scheme contemplates exactly the opposite, providing that "[t]he operator or manager of the place of public accommodation, the employee or person acting on behalf of the place, and any aider or abettor **shall be jointly and severally liable for all damages awarded in the action**." Or. Rev. Stat. Ann. § 659A.885(8)(b) (emphasis added). If all these actors are jointly and severally liable, the Legislature did not intend that a plaintiff must choose only one of them, or one from each category, to sue for racial discrimination. Rather, the statutory scheme contemplates any manager, operator, employee or person who, acting on behalf of the place of public accommodation, engaged in or aided illegal acts of discrimination, would be liable.

Thus, for example, both the LLC that owned the bar and the manager, a member of the LLC, who denied service were liable in *Blachana, LLC v. Oregon Bureau of Lab. & Indus., supra.* Likewise, in *Strickland v. Residence Inn by Marriott, LLC, supra*, the court found plaintiff had a cause of action against both an individual employee and the LLC which operated the hotel, pursuant to the Oregon public accommodations statute.

Second, Defendants' argument also assumes that Defendant Fosberg is being sued solely in his capacity as the general manager of the restaurant. However, the claims against Defendant Fosberg rest on his words and actions, as well as his role as the general manager of the restaurant. It was Defendant Fosberg who was the manager working the night while Plaintiff C.T.'s party was made to sit at separate tables, it was Defendant Fosberg who justified the disparate treatment of Plaintiff C.T. using a racist stereotype as a disparaging description of Plaintiff C.T. and his dining companions, and it was Defendant Fosberg who, by his own

**Page 9 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

admission, was "generally responsible" for the restaurant's operations and was in the kitchen where Plaintiff C.T.'s food was prepared.

For these reasons, Defendants' reliance on *Demont v. Starbucks,* No. CV-10-644-ST, 2010 WL 5173314 (D. Or. Aug. 26, 2010*), report and recommendation adopted in part, rejected in part*, No. 10-CV-644-ST, 2010 WL 5173304 (D. Or. Dec. 15, 2010) and *Valley v. Int'l Bus. Mach. Corp.,* No. 3:17-CV-1413-AC, 2018 WL 3148246 (D. Or. Mar. 14, 2018), *report and recommendation adopted in part, rejected in part,* No. 3:17-CV-1413-AC, 2018 WL 2021345 (D. Or. May 1, 2018) is misplaced. In both these cases, the court found fraudulent joinder because there were no facts tying the individuals to the causes of action.

Additionally, Defendant Fosberg, as general manager of the restaurant, was acting as an employee of Red Robin when he justified the racially discriminatory treatment of C.T. by referring to Plaintiff C.T.'s party as "a big gang." The public accommodations statute lists employees as well as managers as potential defendants. ORS § 659A.885(8)(b). Defendant Fosberg is appropriately named as a defendant in both capacities.

### 3.   Negligence and Other Claims

Defendants have not met their burden of proving by clear and convincing evidence that there is no possibility a state court would find the complaint stated a racial discrimination claim, see above.  However, Plaintiff does not concede that he has failed to state claims against Defendant Fosberg for negligence or breach of warranty. The complaint states that Defendant Fosberg, among others, was negligent in allowing the salad containing semen to be served to Plaintiff C.T. Complaint at ¶15. Defendants argue that all claims of negligence can be brought only against Defendant Red Robin, as the employer, but Defendants' arguments assume that the negligence claims in the complaint are all based upon negligent supervision, hiring and retention.

**Page 10 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

However, the complaint states claims of negligence by Defendants that do not entail the elements of hiring, supervision, or retention of employees. Complaint at ¶15(a)-(c). Defendant Fosberg, as general manager "generally responsible for running the restaurant," on duty the night of March 24, 2021, allowed a salad containing human semen to be served to a customer. Complaint at ¶2, 6, and 15. Defendant Fosberg was also acting as an employee of Red Robin when, while working in the kitchen as general manager, he allowed a salad containing semen to be prepared and served to Plaintiff C.T. These facts establish at the very least a possibility of a claim of negligence against Defendant Fosberg.

Defendants also argue that Plaintiff C.T. cannot recover damages for an implied breach of warranty pursuant to ORS § 72.3150 because he was reimbursed for the meal. However, ORS 72.7150 permits recovery of consequential damages, including damages for "[i]njury to person or property proximately resulting from any breach of warranty." ORS § 72.7150(2)(b). Plaintiff C.T. suffered "consequential damages" because of this breach, including nausea requiring medical treatment. Complaint at ¶6.

For all the reasons discussed above, without waiving any objection to Defendants' arguments regarding Plaintiff's negligence, battery and breach of warranty claims, the complaint clearly states claims with a possibility of relief in state court.

### 4. Plaintiff can amend the complaint should this Court find it necessary

Defendants have failed to meet their burden to prove fraudulent joinder. However, even if the Court disagrees, the inquiry does not end there. Rather, "the district court **must** consider… whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (emphasis added). "[W]hen analyzing the issue of fraudulent joinder, remand must be granted

**Page 11 – PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

"unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency…all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." (citations omitted). *Williams v. Kemper Indep. Ins. Co*., 476 F. Supp. 3d 958, 963 (N.D. Cal. 2020).

Oregon law liberally permits amendment of complaints; "[L]eave [to amend a pleading] shall be freely given when justice so requires." ORCP 23. *See Alexander v. State,* 283 Or. App. 582, 590 (2017*) ("*Under ORCP 23 A, a party may amend a complaint after a responsive pleading has been served with leave of the court, which "shall be freely given when justice so requires.") (citation omitted). Even when a complaint misstates a party, Oregon courts have permitted later amendments to relate back. *See Waybrant v. Clackamas Cty*., 54 Or App 740, 745-46 (1981). Defendants do not dispute that the Court should consider whether amendment would cure any defect, an argument first raised by Plaintiff in Plaintiff's Motion to Remand Purusant to 28 U.S.C. § 1442. Should this Court find that there is no possibility that the complaint as pled would state a claim against Defendant Fosberg in state court, Plaintiff should be afforded the opportunity to amend the complaint.

## CONCLUSION

Based on the foregoing, Plaintiff moves for remand to the Circuit Court of Multnomah County, Oregon.

Dated this July 18, 2022.

/s/ Jason Kafoury
**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com
**ADAM KIEL, OSB #091231**
kiel@kafourymcdougal.com
KAFOURY & McDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax: 503-224-2673

## CERTIFICATE OF SERVICE

I certify that on July 18, 2022, I served or caused to be served a true and complete copy

of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONE TO PLAINTIFF'S**

**MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447** on the party or parties listed

below as follows:


      **X**      Via CM / ECF Filing


      April Upchurch Fredrickson, OSB #132027
      April.fredrickson@jacksonlewis.com
      Anthony Copple, OSB #163651
      Anthony.copple@jacksonlewis.com
      Jackson Lewis P.C.
      200 SW Market St.
      Ste. 540
      Portland, OR 97201
      Telephone: (503) 2290404
      Facsimile: (503) 229-0405


                      */s/ Jason Kafoury*
                      **Gregory Kafoury, OSB #741663**
                      Kafoury@kafourymcdougal.com
                      **Mark McDougal, OSB #890869**
                      mcdougal@kafourymcdougal.com
                      **Jason Kafoury, OSB #091200**
                      jkafoury@kafourymcdougal.com
                      **ADAM KIEL, OSB #091231**
                      kiel@kafourymcdougal.com
                      KAFOURY & MCDOUGAL
                      411 SW Second Avenue, Suite 200
                      Portland, Oregon 97204
                      Phone:  503-224-2647
                      Fax:  503-224-2673
                      Attorneys for Plaintiffs