IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C.T., an individual,

        Plaintiff,

v.

JASON FOSBERG, an individual; RED
ROBIN INTERNATIONAL, INC., a
Nevada corporation,

        Defendants.

No. 3:22-cv-00637

OPINION & ORDER

Adam A. Kiel
Gregory Kafoury
Jason L. Kafoury
Kafoury & McDougal
411 SW 2nd Ave
Ste 200
Portland, OR 97204

    Attorneys for Plaintiff

Anthony Copple
Jackson Lewis P.C.
200 SW Market St.
Ste. 540
Portland, OR 97201

1 – OPINION & ORDER

April L. Upchurch Fredrickson
Miller Nash LLP
111 SW Fifth Avenue
Suite 3400
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff C.T., an individual and resident of Oregon, brought action in state court against Defendants claiming sexual battery, negligence, breach of implied warranty of fitness, and racial discrimination. Defendant Jason Fosberg is a citizen of Oregon and Defendant Red Robin International, Inc. (Red Robin) is a Nevada corporation with its principal place of business in Colorado. Defendants removed the case based on diversity jurisdiction. To avoid the forum defendant rule and lack of complete diversity between parties—which would otherwise deprive the Court of subject matter jurisdiction, Defendants argue that Plaintiff fraudulently joined Defendant Fosberg and that the Court should ignore that defendant's presence for purposes of diversity jurisdiction. Before the Court is Plaintiff's Motion to Remand and request for payment of costs and fees incurred as a result of removal. For the reasons below, the Court grants the Motion to Remand.

## BACKGROUND

Defendant Red Robin owns and operates several restaurants in Multnomah County. Compl. ¶ 3. Defendant Fosberg is employed by Red Robin as a General Manager and was on duty as General Manager at the Clackamas location at the time of the alleged incident. Compl. ¶ 2. Plaintiff, an African American man, visited a Red Robin restaurant in Clackamas, Oregon on March 24, 2021 with a group of family and friends. Compl. ¶ 3-4, ECF 1 (attached to Defs.' Notice Of Removal). Plaintiff alleges that the party, who included predominately African

Americans, was divided when other large, predominately white, groups were seated together. Compl. ¶ 5. Defendants allege that the party was split between two tables because of the COVID-19 regulations in place in Clackamas County at the time. Defs.' Resp. to Pl.'s Mot. (Defs.' Resp.) at 2, ECF 9. Plaintiff also alleges that Defendant Fosberg called the party a "big gang." Compl. ¶ 5. Defendant Fosberg denies making this statement. Defs.' Answer to Compl. ¶ 5, ECF 4.

Plaintiff ordered a salad, and while eating it discovered a foreign substance that Plaintiff believed was semen. Compl. ¶ 6. Plaintiff brought the substance to the Associate Manager's attention, who called over Defendant Fosberg to discuss the situation. Defs.' Resp. at 3. Plaintiff placed the substance in a container provided by the restaurant and alleges that a laboratory later confirmed it was semen. Compl. ¶ 7. Defendant Fosberg completed a report of the incident, and the Associate Manager comped the meal for the entire party. Defs.' Resp. at 3.

The Associate Manager and the Plaintiff's Server both submitted declarations stating that Defendant Fosberg was in the kitchen throughout the night and did not interact with the Plaintiff until the Associate Manager asked for assistance with the situation. Decl. of Christian O'Conner ¶ 2, ECF 12; Decl. of Destiny Holmes ¶ 3, ECF 11. Police investigated the incident but could not obtain work schedules or DNA samples from Defendants and their employees because Defendants had experienced a data hack. Compl. ¶ 8.

Plaintiff brought claims in Multnomah County Circuit Court for sexual battery, negligence, breach of implied warranty of fitness, and discrimination under ORS 659A.400. Compl. ¶¶ 11-13. Plaintiff seeks $1,000,000 in noneconomic damages for all claims. Compl. ¶ 13. Defendants removed the case based on diversity jurisdiction, alleging that the non-diverse

forum Defendant was fraudulently joined. Notice of Removal ¶¶ 1-2. Plaintiff moved to remand and requests fees and costs incurred in the process of removal. Pl.'s Mot. to Remand at 2, ECF 5.

## STANDARDS

### I.   Removal, Forum Defendant Rule, and Remand

"Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 841 (9th Cir. 2005) (internal quotation omitted). Subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, *Id.* § 1331; *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Usually, plaintiffs must affirmatively demonstrate the citizenship of all parties because there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Each of the plaintiffs in an action must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A civil action may be removed from state court to federal court if the federal court would have original subject matter jurisdiction over the case, based on either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1441(a), 1331, 1332. The burden of establishing federal jurisdiction is on the removing party and there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A civil action may not be removed if any of the parties properly joined as defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2); *Ekeya v. Shriners Hosp. for*

4 – OPINION & ORDER

*Child., Portland*, 258 F. Supp. 3d 1192, 1195 (D. Or. 2017). This is known as the forum defendant rule. *Id*.

A plaintiff may challenge removal with a motion to remand. 28 U.S.C. § 1447. Because federal courts are courts of limited jurisdiction, the removal statute is construed in favor of remand. *Ekeya*, 258 F. Supp. 3d at 1195. For a case removed from state court, if at any time before final judgment the district court determines that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

**II.     Fraudulent Joinder**

There is an exception to the complete diversity requirement where a non-diverse defendant has been fraudulently joined. *Hunter*, 582 F.3d at 1043 (citing *Morris*, 236 F.3d at 1067). If a defendant has been fraudulently joined, the district court may ignore that defendant's presence for diversity purposes. *Id.* at 1043. Like the strong presumption against removal jurisdiction, there is a strong presumption against fraudulent joinder. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The defendant must meet the burden of demonstrating fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc., v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

"Fraudulent joinder" is a term of art that does not necessarily imply any intention to deceive by plaintiffs or their counsel. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Courts may find fraudulent joinder where there is actual fraud in the pleading or when a plaintiff fails to state a cause of action against a resident defendant. *Grancare*, 889 F.3d at 548. In the other words, if the defendant cannot be found liable under any theory, the defendant has been fraudulently joined. *Id*.

Courts may consider evidence beyond the pleadings to determine whether joinder is fraudulent, including conducting a "summary inquiry" and allowing the defendant to present facts showing that joinder is fraudulent. *Ekeya*, 258 F. Supp. 3d at 1196. That said, the Ninth Circuit has explained that the standard for fraudulent joinder and Rule 12(b)(6) are not equivalent. *Grancare*, 889 F.3d at 549. "A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits." *Id*. (explaining that a claim against a defendant may fail under Rule 12(b)(6), but that defendant is not necessarily fraudulently joined). The standard for fraudulent joinder is more lenient than the standard for a motion to dismiss, and the court must remand if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter*, 582 F.3d at 1046). This standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.*

## DISCUSSION

Plaintiff brought claims in state court for negligence, battery, discrimination, and breach of implied warranty of fitness. Defendants removed based on diversity jurisdiction. Plaintiff argues that removal is improper under 28 U.S.C. § 1441(b) because Defendant Fosberg is a citizen of Oregon and thus the forum defendant rule applies. Defendants argue that Defendant Fosberg was fraudulently joined to defeat diversity jurisdiction and consequently this matter is removable because the properly joined parties are completely diverse and the amount in controversy exceeds $75,000.

Because Defendant Fosberg is a resident of Oregon, there is not complete diversity and this Court lacks subject matter jurisdiction over this case unless Defendant Fosberg was

fraudulently joined. 28 U.S.C. § 1332. But if the defendant was fraudulently joined, the Court may ignore that defendant for diversity purposes and exercise diversity jurisdiction. *Hunter*, 582 F.3d at 1043. Plaintiff seeks an order remanding this case to the Circuit Court of Multnomah County, Oregon and requests payment of costs and expenses, including attorney fees, incurred as a result of removal.

I.  **Motion to Remand**

Plaintiff moves to remand this case to state court because Defendant Fosberg is a resident of Oregon. Defendants concede that Defendant Fosberg is a resident of Oregon but argue that the Defendant was fraudulently joined and request that the Court deny the Motion to Remand.

A.  **Fraudulent Joinder**

As explained above, Fraudulent joinder exists when there is no possibility that the plaintiff will recover from the joined defendant on any theory. *Grancare*, 889 F.3d at 548. If a defendant is fraudulently joined, a court may ignore that defendant's presence when determining diversity jurisdiction. *Hunter*, 582 F.3d at 1043. On the other hand, if there is any possibility that the plaintiff can recover from the defendant on any theory, the joinder is not fraudulent and the case must be remanded. *Grancare*, 889 F.3d at 549.

In this case, Plaintiff's Complaint includes four claims for relief against all Defendants: negligence, sexual battery, discrimination, and breach of implied warranty of fitness. Compl. ¶¶ 11-13. Defendants argue that there is no possibility of recovery against Defendant Fosberg under any of the four claims, and thus he is fraudulently joined. But the Court concludes that Plaintiff has shown a possibility of recovery against Defendant Fosberg for negligence; Defendants have not met their burden of demonstrating that Defendant Fosberg cannot be liable on any theory.

To state a claim for negligence under Oregon law, a plaintiff must allege that the defendant owed a duty, that the defendant breached that duty, and that the breach caused the plaintiff harm. *Fazzolari v. Portland Sch. Dist.*, 303 Or. 1, 15, 734 P.2d 1326, 1334 (1987). In absence of a specific duty, the plaintiff must allege: (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent. *Id*. at 17, 734 P.2d 1336. Stated another way, unless the parties invoke a status or relationship that creates a specific duty, the question is whether the defendant's conduct "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Id.* The Oregon Supreme Court has held that the foreseeability of risk of harm and the reasonableness of defendant's conduct are factual questions and should be determined by a factfinder except in an extreme cases. *Donaca v. Curry County*, 303 Or. 30, 734 P.2d 1339, 1344 (1987).  *See, e.g.*, *Oakes v. Carrabba's Italian Grill, LLC*, 2:09-CV-01123-RLH, 2010 WL 2696631 (D. Nev. July 6, 2010) (quoting *Mexicali Rose v. Superior Ct.*, 1 Cal. 4th 617, 822 P.2d 1292 (1992) ("[I]t is a question for the trier of fact to determine whether the presence of the injury-producing substance was caused by the failure of the defendants to exercise reasonable care in the preparation of the food…")).

The actual sequence of events causing an injury does not have to be predictable for the injury to be foreseeable. *Fazzolari*, 303 Or. 1, 734 P.2d at 1338. To be foreseeable, the injury only needs to fall into the general category of risk that is reasonably anticipated. *Pickens v. United States*, 750 F. Supp. 2d 1243, 1254 (D. Or. 2010). Whether the factfinder finds the harm

8 – OPINION & ORDER

is foreseeable is an ad hoc determination that depends on the circumstances of each case. *See Miller ex rel. Miller v. Tabor W. Inv. Co., LLC*, 223 Or. App. 700, 713, 196 P.3d 1049, 1056 (2008) (one apartment complex tenant attacking another tenant off-premises was not foreseeable); *Najjar v. Safeway, Inc.*, 203 Or. App. 486, 492, 125 P.3d 807, 811 (2005) (employee falling in parking lot after complying with manager's direction was generally foreseeable risk); *Faverty v. McDonald's Restaurants of Oregon, Inc.*, 133 Or. App. 514, 892 P.2d 703 (1995) (employee fatigue from working three shifts in 24 hours was foreseeable risk to motorists).

Here, the complaint alleges that Defendant Fosberg, as manager of the restaurant, was negligent in allowing a contaminated salad to be served to Plaintiff, in failing to maintain proper safety standards, in failing to adequately inspect food product, and in failing to adequately supervise employees during food preparation. Compl. ¶ 15. Under Oregon's broad foreseeability standard, the Court concludes that a factfinder could reasonably find that the harm suffered by Plaintiff was a foreseeable harm resulting from Defendant Fosberg's conduct. A factfinder could infer that Defendant Fosberg could or should have foreseen the risk that foreign objects could contaminate food based on Defendant's experience as a restaurant manager and his location in the kitchen at the time food was being prepared and served. Even if the specific facts in this case are unusual, they are not "out of the range within which a jury could determine that the injury was reasonably foreseeable." *Piazza v. Kellim*, 360 Or. 58, 75, 377 P.3d 492 (2016) (quoting *Stewart v. Jefferson Plywood Co.*, 255 Or. 603, 609, 469 P.2d 783 (1970). A factfinder could also reasonably find that the contaminated food was served due to the Defendant's lack of reasonable care. *Gardyjan v. Tatone*, 270 Or. 678, 528 P.2d 1332, 1335 (1974) (explaining that the jury could infer that the employees, exercising reasonable care,

9 – OPINION & ORDER

should have noticed the food had an "outward manifestation of unwholesomeness," in this case an odor).

The Court finds that, at a minimum, there is a colorable negligence claim against Defendant Fosberg. Because Plaintiff could possibly prevail on the negligence claim against Defendant Fosberg, the Court finds that he was not fraudulently joined.[1] Consequently, as there is no diversity between the Plaintiff and Defendant Fosberg, both Oregon residents, the Court lacks subject matter jurisdiction over this action. This case must be remanded.

**B.    Leave to Amend**

Defendants argue that Plaintiff failed to allege facts or evidence supporting a negligence claim. Defs.' Resp. at 13. Plaintiff argues that if the Court finds the complaint deficient, Plaintiff should be granted leave to amend. Pl.'s Mot. to Remand at 4. Generally, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If the complaint does not state a claim so that joinder is fraudulent, that is not the end of the inquiry: "the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Arguments that go to the sufficiency of the complaint rather than the viability of the claims do not alone establish fraudulent joinder. *Id.* at 552. That said, because Plaintiff can possibly recover on at least one claim in this case, there is no need for this Court to grant leave to amend the complaint.

//

//

---

[1] Because there is a possibility that Plaintiff could prevail on at least one claim in the complaint, the Court does not reach the question of whether Plaintiff could prevail on the sexual battery, discrimination, and breach of implied warranty of fitness claims against Defendant Fosberg. The Court expresses no opinion on the merits of those claims.

**II.    Fees**

Plaintiff requests an award of attorney fees and costs incurred due to removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney fees only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

The Court concludes that there is a possibility that Plaintiff can state a claim against Defendant Fosberg. That said, it was not objectively unreasonable for Defendants to remove this action from state court based on the limited information in the Plaintiff's Complaint. Therefore, Plaintiff's request for attorney fees and costs is denied.

## CONCLUSION

Because the Plaintiff and Defendant Fosberg are both citizens of Oregon, the Court lacks subject matter jurisdiction over this action and GRANTS Plaintiff's Motion to Remand. The Court DENIES the request for fees and costs.

IT IS SO ORDERED.

DATED:___September 22, 2022___.

MARCO A. HERNÁNDEZ
United States District Judge